IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| DAVID PUCKETT, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:13-CV-00131-RWS-JCF |
| BOARD OF TRUSTEES OF THE FIRST | : | |
| BAPTIST CHURCH OF GAINESVILLE, | : | |
| INC. and FIRST BAPTIST CHURCH OF | : | |
| GAINESVILLE, | : | |
| | : | |
| Defendants. | : | |

## NON-FINAL REPORT AND RECOMMENDATION

This case is before the Court on Plaintiff's Motion to Amend Complaint. (Doc. 49).  It is the recommendation of the undersigned that the motion be **DENIED** as Plaintiff has failed to show good cause to amend as required by FED. R. CIV. P. 16.

## PROCEDURAL AND FACTUAL HISTORY

Plaintiff David Puckett ("Mr. Puckett" or "Plaintiff") was employed as a maintenance worker by Defendants from 1997 until his termination in September 2012.  (*See* Doc. 1 at ¶¶ 6-8).  He and his wife, Joyce Puckett ("Mrs. Puckett"), filed this lawsuit on June 17, 2013 asserting claims relating to the termination of Mr. Puckett's employment.  (Doc. 1).  Plaintiffs brought the following claims: (1) Mr. Puckett's claim of discriminatory discharge pursuant to the Americans With

1

Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101 *et seq.*[1] and the Georgia Equal Employment for Persons with Disabilities Code ("GEEPDC") (First Claim For Relief); (2) Mr. Puckett's claim for failure to make a reasonable accommodation (Second Claim For Relief); (3) Mr. Puckett's retaliation claim under the GEEPDC (Third Claim For Relief); and (4) an intentional infliction of emotional distress claim on behalf of both David and Joyce Puckett (Fourth Claim For Relief). (*See* Doc. 1 at ¶¶ 29, 32-34). When they filed their Complaint, Plaintiffs were represented by Attorney John D. Marshall. Defendants filed an answer to the Complaint (Doc. 3), and later filed a motion to dismiss the Complaint (Doc. 10). District Judge Richard W. Story granted Defendants' motion in part and dismissed all of Plaintiffs' claims except for Mr. Puckett's Count I ADA discriminatory discharge claim. (*See* Doc. 26).

Defendants then filed a motion seeking summary judgment on Mr. Puckett's discriminatory discharge claim. (Doc. 27). In Mr. Puckett's response to the motion for summary judgment, filed June 17, 2014, he asserted that his complaint actually included a claim for retaliation brought under the ADA. (Doc. 35 at 1-2). Seven days after filing the response, Plaintiffs' attorney Mr. Marshall passed away. (*See*

---

[1] All references to the ADA in this Report and Recommendation are to the Act as amended by the ADAAA.

Doc. 44).  The undersigned construed that assertion by Mr. Puckett to be a request that the Court clarify the prior order which dismissed all claims except Count I. The undersigned then recommended that Defendants' motion for summary judgment as to Count I be denied and recommended that Mr. Puckett's request for clarification of the prior order be denied.  (*See* Doc. 46).  On February 9, 2015, before the period for objections to the undersigned's report and recommendation was closed, Mr. Puckett, through new counsel T. Robert Reid, filed this motion to amend rather than object to the undersigned's recommendation regarding the request for clarification.  (Doc. 49).  On February 18, 2015, Judge Story issued an order approving and adopting the report and recommendation, which included a denial of "Plaintiff's Request to Clarify the Court's April 17, 2014 Order."  (Doc. 50).  The Defendants responded to the motion to amend on February 23, 2015. (Doc. 51).  On March 9, 2015 Mr. Puckett replied to Defendants' response.  (Doc. 52).

## DISCUSSION

In Plaintiffs' Complaint, they asserted the following claims against Defendants:  (1) Mr. Puckett's ADA and GEEPDC discriminatory discharge claims (Count I); (2) Mr. Puckett's failure to accommodate claim (Count II); (3) Mr. Puckett's GEEPDC retaliation claim (Count III); and (4) both Plaintiffs' intentional infliction of emotional distress claim (Count IV).  (Doc. 1 at ¶¶ 29, 32-

34).   In his April 17, 2014 Order (Doc. 26), Judge Story granted Defendants' motion to dismiss all of Plaintiffs' claims except Mr. Puckett's ADA discriminatory discharge claim:  "Plaintiff's discriminatory discharge claim under the ADA (Count I) remains.  All other claims are hereby dismissed."  (*Id.* at 13-14).

In response to Defendants' motion for summary judgment, Mr. Puckett asserted that he also brought a retaliation claim under the ADA, which he contends remains pending.  (*See* Doc. 35 at 1-2).  He argued that "[t]he court did not dismiss the retaliation claim based on the ADA," while acknowledging that "the order seems to say that all claims were dismissed except for the unlawful discharge claim."  (*Id.* at 2).  The undersigned disagreed with Mr. Puckett's contentions as explained in the previous report and recommendation.  (*See* Doc. 46).  First, the undersigned pointed out that Mr. Puckett's retaliation claim (Count III) made no reference to the ADA, instead only referring to the Georgia Equal Employment for Persons with Disabilities Code.  (Doc. 46 at 13).  Mr. Puckett argued however, that he had referred to the ADA in other portions of the Complaint and that the failure to include an enumerated claim was "merely a mistake of form, not of substance."  (Doc. 35 at 3).  The undersigned rejected this argument, and explained why it was inappropriate to allow Mr. Puckett to now add this claim:

> The undersigned finds that the Complaint's stray references to retaliation under the ADA are insufficient to put Defendants or the

4

Court on notice that Mr. Puckett was asserting an ADA retaliation claim in Count III.  Moreover, to the extent that Mr. Puckett intended to assert an ADA retaliation claim in the Complaint—or thought he had done so—Defendants' motion to dismiss should have put him on notice that he had not.  (*See generally* Doc. 10-1).  Plaintiffs did not assert that they were alleging an ADA retaliation claim in their response to the motion to dismiss (*see* Doc. 14), nor did Mr. Puckett seek to amend the Complaint to add such a claim.  Moreover, Judge Story's April 17, 2014 Order clearly put Mr. Puckett on notice that the Court did not read the Complaint to include an ADA retaliation claim, and unambiguously concluded that the only claim going forward was Mr. Puckett's ADA discriminatory discharge claim.  (*See* Doc. 26).  If Mr. Puckett believed the Court's reading of the Complaint to be in error, he could have sought reconsideration of Judge Story's Order within 28 days after its entry, *see* LR 7.2E, NDGa., or even sought to amend the Complaint at that time, but he did neither.  Instead, he waited until his June 17, 2014 response, two months after Judge Story's Order, to raise the issue of his alleged ADA retaliation claim. The undersigned finds that Plaintiff's request for the Court "to clarify its order to the effect that . . . David Puckett's ADA retaliation claim remains in this case" (Doc. 35)—made in response to Defendants' motion for summary judgment—is untimely and without merit.

(Doc. 46 at 14-15).[2]

Mr. Puckett has now brought this motion to amend, seeking to formally amend the complaint and add a claim for retaliation under the ADA.  (*See* Doc. 49).  Ordinarily, a motion seeking leave to amend is considered under Rule 15's "freely given" standard.  *See 126th Ave. Landfill, Inc. v. Pinellas Cnty.*, 459 Fed.

---

[2] That Report and Recommendation was adopted as the Order of this Court on February 18, 2015.  (Doc. 50).  Notably, no objections were filed to the Report and Recommendation.  Instead, new counsel filed a motion to amend making many of the same arguments presented by prior counsel in response to the motion for summary judgment.

Case 2:13-cv-00131-RWS   Document 53   Filed 03/16/15   Page 6 of 9

Appx. 896, 897 n. 1 (11th Cir. 2012).  But when a motion to amend is filed after the court's scheduling order deadline for filing such motions, the party seeking leave must first demonstrate good cause under Rule 16(b) before the court will consider whether amendment is appropriate under Rule 15.  *See Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366 (11th Cir. 2007) ("[W]here a party's motion to amend is filed after the deadline for such motions, as delineated in the court's scheduling order, the party must show good cause why leave to amend the complaint should be granted." (citing FED. R. CIV. P. 16(b); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419)).  "To do otherwise 'would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.' "  *EEOC v. Exel, Inc.*, 259 F.R.D. 652, 654 (N.D. Ga. 2008) (quoting *Sosa*, 133 F.3d at 1419).  Under this standard, a scheduling order may only be modified if "the schedule cannot be met despite the diligence of the party seeking extension."  *See Auto-Owners Ins. Co. v. Henry Cnty. Governmental Servs. Auth.*, 1-13-CV-02924-WSD, 2014 WL 3955726, at *2 (N.D. Ga. Aug. 12, 2014) (quoting *Sosa*, 133 F.2d at 1418).  One factor that can show a lack of diligence is "the fact that the information providing the basis for the proposed amendment was available to the party before the deadline." *Id.* (quoting *Green Island Holdings, LLC v. British American Isle of Venice, Ltd.*, 521 Fed. Appx. 798, 900-801 (11th Cir. 2013)).

6

The Joint Preliminary Report and Discovery Plan submitted by the parties on September 6, 2013 states that amendments filed later than 30 days after the plan is approved will not be accepted unless otherwise permitted by law. (Doc. 7 at 6). In the September 9, 2013 Scheduling Order, the Court approved the parties' deadlines set out in the Joint Preliminary Report. (*See* Doc. 8 at 2). Since it has been more than a year since that the plan was adopted, Mr. Puckett has well exceeded the 30 day requirement and must now, in order to amend the scheduling order, show "good cause" as required by Rule 16. As explained in the previous report and recommendation, Mr. Puckett did not mention an ADA claim in his enumerated causes of action. When Defendants filed their motion to dismiss without mentioning Mr. Puckett's ADA retaliation claim, Mr. Puckett did not make any attempt to clarify his complaint. Most importantly, Plaintiff should have become aware that an ADA retaliation claim was not considered part of the Complaint when, without discussing such a claim, Judge Story stated that "Plaintiff's discriminatory discharge claim under the ADA (Count I) remains. All other claims are hereby dismissed." (Doc. 26 at 13-14). That unmistakable indication that the Court did not think an ADA retaliation claim was pending occurred nearly a year ago, and almost a month before Defendants filed their motion for summary judgment. Since that time Plaintiff had ample opportunities to file a motion to amend and show why he should be allowed to add this claim. Having failed to

move to amend until after discovery closed and summary judgment ruled upon, Puckett has not satisfied the good cause requirement of Rule 16 and his motion to amend is due to be denied on that basis.

Mr. Puckett argues (once again) that his now deceased former attorney failed to "properly label Plaintiff's ADA retaliation claim as a separate count under the Complaint." (Doc. 49-1 at 4). Mr. Puckett argues (once again) that Defendants did not move to dismiss an ADA retaliation claim and that the Court "inadvertently dismissed the retaliation claims in Count III because it did not refer to the ADA." (*Id.* at 5). These contentions were addressed at length in the undersigned's Report and Recommendation of January 6, 2015 set out above and need not bear repeating here. (Doc. 46 at 13-5).

Plaintiff asserts (for the first time) that the parties acted as if an ADA retaliation claim *was* in the complaint by referencing that claim in the Joint Preliminary Report And Discovery Plan. (Doc. 7). Plaintiff offers no authority to support a conclusion that the Report somehow amended the complaint. It is true, however, that the fact that Defendants were on notice of the claim does muffle the cries of "prejudice." But to secure leave to amend, Plaintiff must do more than simply to show that undue delay, prejudice and futility are not present - - he must demonstrate good cause for excusing non-compliance with the scheduling order's deadline, which includes demonstrating that he was diligent in pursuing this

alleged claim.  *See Donley v. City of Morrow, Georgia*, No. 14-12038, 2015 WL 508826 at \*5  (11th Cir. Feb. 9, 2015) (applying Rule 16 and finding "Lack of diligence in pursuing a claim is sufficient to show lack of good cause.").[3]

In short, the motion to amend is due to be denied because Plaintiff has not met Rule 16's good cause standard.  Plaintiff allegedly intended to include this additional claim in his original complaint, yet failed to do so with sufficient clarity and had ample opportunity to amend the complaint long before discovery closed. Now that discovery has been completed and the Court has ruled on a motion for summary judgment, it is too late to allow the amendment. Accordingly, it is **RECOMMENDED** that Plaintiff's motion to amend (Doc. 49) be **DENIED**.

**SO RECOMMENDED** this 16th day of March, 2015.

 /s/ *J. Clay Fuller*
J. CLAY FULLER
United States Magistrate Judge

---

[3] Mr. Puckett also argues that allowing the amendment now would cause no "undue delay, bad faith, or repeated failure to cure deficiencies by amendments previously allowed." *See* Fed. R. Civ. P. 15.  Before the Court can decide whether Plaintiff has satisfied Rule 15, however, Plaintiff, as discussed above, must show good cause as required by Rule 16.  Plaintiff would still fail to meet Rule 15 as discovery has already been completed, and the Court has already ruled on Defendants' motion for summary judgment.  As the Eleventh Circuit has put it, "Prejudice and undue delay are inherent in an amendment asserted . . . after the close of discovery and after dispositive motions have been filed, briefed, and decided."  *See Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (quoting *Jameson v. Arrow Co.* 75 F.3d 1528, 1534 (11th Cir. 1996).  Even if Rule 16's less forgiving "good cause" standard did not apply, Plaintiff could not satisfy Rule 15, so the motion is due to be denied on that basis as well.